IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| REGINALD HOWARD, AIS 240672, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:21-cv-394-MHT-CSC |
| | ) (WO) |
| GEORGE EDWARDS, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Alabama inmate Reginald Howard filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.)[1] He challenges his 2008 Macon County murder conviction. As discussed below, the court finds his petition should be dismissed as time-barred by the statute of limitations.

**I.   BACKGROUND**

On October 16, 2008, a Macon County jury found Howard guilty of murder, in violation of Ala. Code § 13A-6-2(a)(1). (Doc. 8-1 at 32.) On November 18, 2008, the trial court sentenced Howard to 40 years in prison. (Doc. 8-3 at 14.)

Howard appealed, arguing that the trial court erred by denying his motion for a new trial based on a claim of juror misconduct. (Doc. 8-6.) On August 21, 2009, the Alabama

---

[1] References to documents filed are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

.

Court of Criminal Appeals issued a memorandum opinion affirming Howard's conviction and sentence. (Doc. 8-9.) Howard's application for rehearing was overruled (Docs. 8-10 & 8-11), and the Alabama Supreme Court denied his petition for writ of certiorari on December 11, 2009 (Docs. 8-12 & 8-13). A certificate of judgment issued on that date. (Doc. 8-13.)

Howard filed this pro se § 2254 petition on May 26, 2021.[2] (Doc. 1). In it, he claims that (1) new evidence demonstrates he is actually innocent; (2) he was denied his right to a unanimous verdict when the trial court instructed the jury to continue deliberating after receiving a question from jurors; (3) the jury's verdict was tainted because several law books were on a table in the jury room during deliberations; (4) he was denied his right to allocution at sentencing; (5) the trial court failed to instruct the jury on a defendant's right not to testify; and (6) certain evidence was improperly admitted. (Doc. 1; Doc. 2 at 4–16.)

Respondents argue that Howard's § 2254 petition is time-barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. 8 at 4–6.)

## II.  ANALYSIS

### A.  AEDPA's One-Year Statute of Limitations

---

[2] The court applies the "prison mailbox rule" to determine the filing date of Howard's petition. Under that rule, a *pro se* petition is deemed to be filed on the date a prisoner delivers it to prison authorities for mailing. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, courts will assume that a prisoner delivered a filing to prison officials on the date he represents that he signed it. *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012). Although his petition was stamped received in this court on June 2, 2021, Howard represents that he signed the petition on May 26, 2021. (Doc. 1 at 1, 15.)

Section § 2244(d) of AEDPA provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Usually, a § 2254 petition must be filed within a year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Here, after the Alabama Court of Criminal Appeals affirmed Howard's conviction, Howard sought rehearing in that court

3

and then certiorari review in the Alabama Supreme Court. (Docs. 8-10 through 8-12). On December 11, 2009, the Alabama Supreme Court denied Howard's petition for a writ certiorari, and a certificate of judgment issued on that same date. (Doc. 8-13.) Because he sought certiorari review in Alabama's highest court, Howard was allowed 90 days to seek certiorari review in the United States Supreme Court after the state court's December 11, 2009 issuance of a certificate of judgment. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). Howard filed no petition for writ of certiorari in the U.S. Supreme Court. Therefore, for purposes of AEDPA, his judgment of conviction became final on March 11, 2010 (i.e., 90 days after December 11, 2009). Absent some effective tolling event, Howard had until March 11, 2011, to timely petition under § 2254.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled during the pendency of a properly filed state court petition collaterally attacking a conviction and sentence. Howard, however, filed no state court petition (e.g., a petition under Rule 32 of the Alabama Rules of Criminal Procedure) collaterally attacking his conviction and sentence. He therefore does not benefit from tolling under § 2244(d)(2).

Nor does Howard set forth any facts or arguments to establish a tolling event under § 2244(d)(1)(B), (C), or (D)—i.e., he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered

earlier by exercising due diligence.³ The court therefore finds no basis for applying statutory tolling here.

AEDPA's statute of limitations expired on March 11, 2011. Howard filed his § 2254 petition on May 26, 2021—more than a decade after the limitation period expired. Therefore, his petition is untimely under AEDPA.

The one-year limitation period may be equitably tolled on grounds besides those in the habeas statute when a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Howard presents no argument for equitable tolling in his case. Thus, his petition is time-barred by AEDPA's statute of limitations.

**B.    Actual Innocence**

AEDPA's statute of limitations can be overcome—opening the door to review of constitutional claims in an otherwise time-barred petition—by a credible showing of actual

---

³ Although Howard claims that new evidence, an affidavit from a witness who testified in his defense at trial, demonstrates he is actually innocent, he fails to show that his "new evidence," which is addressed below in this Recommendation, could not have been discovered earlier through the exercise of due diligence. Thus, § 2244(d)(1)(D) does not provide the statute of limitations for Howard's actual-innocence claim or for any other claim in his § 2254 petition.

innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Howard claims he is actually innocent of the murder for which he was convicted and that his actual innocence is a gateway allowing this court to review his otherwise time-barred claims. (Doc. 2 at 4; Doc. 12 at 2–4.) In support of his actual-innocence claim, Howard submits the affidavit of Serita Harris. (Doc. 2-1), calling Harris's affidavit "new evidence" (Doc. 2 at 4). At trial, Harris testified that she was sitting on the trunk of a car near where Howard was standing close to the scene of the murder when it occurred, and that Howard was not involved in shooting the murder victim. (Doc. 8-2 at 121, 123, 134–35, 142.) Harris testified that she had known Howard for "a couple of years," that Howard was dating her older sister, and that she considered herself to be Howard's "little sister" and Howard to be her "god brother." (*Id*. at 111, 112, 121, 127.) In her affidavit, dated May 22, 2021, Harris states she reviewed her trial testimony from 2008 and stands by that testimony. (Doc. 2-1 at 1.) She also states she had unspecified "other information" that would have aided in Howard's defense, but Howard's trial counsel failed to investigate that evidence. (*Id*. at 3.)

In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Howard points to no new reliable evidence under the *Schlup* standard to sustain his claim of actual innocence. In her affidavit, Harris does little more than reaffirm her own trial testimony. This is not new evidence. *See Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence). Nor is the unspecified "other information" to which Harris refers new evidence—as Harris indicates the evidence was known by Howard's counsel at the time of trial. Also, Harris's vague assertions are not reliable evidence of Howard's innocence.

At trial, four of the State's witnesses (Erica Foster, Celestine Johnson, Antonio Alexander, and Shawanda Alexander) testified they saw Howard shoot the victim (Doc. 8-1 at 175, 184, 203; Doc. 8-2 at 16–17), while a third (Lonnie Williams, Jr.) testified he saw Howard arguing with the victim just before he heard gunshots (Doc. 8-1 at 158–59). Harris's reaffirmation of her own trial testimony and her vague references to "other information" do not create a colorable claim of Howard's actual innocence. In other words, Howard has <u>not</u> shown that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt," *Schlup*, 513 U.S. at 327, if presented with Harris's statements in her affidavit in addition to the other evidence presented at trial.

Howard fails to satisfy the actual-innocence exception to the habeas statute's time-bar as explained in *Schlup*. Put most succinctly, "the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted), and Howard's is not such a case. Because the actual-innocence exception does not apply, the claims in Howard's untimely § 2254 petition are not subject to federal habeas review.

The court notes that Howard arguably presents his actual-innocence claim as a "freestanding" claim for relief as well as one affording a gateway to review of his otherwise time-barred claims. (*See* Doc. 2 at 4–6.) The Eleventh Circuit has left open whether freestanding actual-innocence claims may be brought in non-capital cases. *See Cunningham v. Dist. Att'y's Off. for Escambia County*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007). Assuming that Howard could assert actual innocence as a freestanding claim, he still would be subject to AEDPA's procedural restrictions, including the statute of limitations in § 2244(d)(1). *See, e.g.*, *Moody v. Thomas*, 89 F. Supp. 3d 1167, 1270–71 (N.D. Ala. 2015) (freestanding actual-innocence claim, if cognizable, was subject to exhaustion requirement). As a freestanding claim, Howard's claim of actual innocence is time-barred under § 2244(d)(1)(A).

## III. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that Howard's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with

prejudice, because the petition was filed after expiration of the statute of limitations in 28 U.S.C. § 2244(d)(1).

It is further ORDERED that the parties shall file any objections to this Recommendation by **July 2, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982*). See* also *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of June, 2024.

        /s/ Charles S, Coody
       CHARLES S. COODY
       UNITED STATES MAGISTRATE JUDGE